IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JUN 15 2006
US DIST... COURT
MARTINSBURG, WV 25401

**MAURICE LEE MOORE, III,**

Petitioner,

v.

Civil no. 3:05-cv-45
Crim no. 3:03-cr-61(1)
(Judge Broadwater)

**UNITED STATES OF AMERICA,**

Respondent.

## REPORT AND RECOMMENDATION

This case came before the Court for an evidentiary hearing on June 7, 2006. Present at the hearing was petitioner, Maurice Lee Moore, and his appointed counsel, Michael Olejasz. Thomas Mucklow, on behalf of the United States, appeared by telephone.

### I. Procedural History

Petitioner initiated this case by filing a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on May 17, 2005. In the petition, the petitioner asserts the following grounds for relief:

(1) Incorrect drug weight attributed to defendant due to unconstitutional addition of relevant conduct weights as enhancements; and

(2) Ineffective assistance of counsel because

(A) counsel gave him wrong or outdated advice; and

(B) counsel failed to file a direct appeal.

On April 25, 2006, a report and recommendation was issued in which I recommended that Ground One be dismissed with prejudice. I also recommended that petitioner's ineffective assistance of counsel claim as to wrong or outdated advice be dismissed with prejudice.

However, because the record did not conclusively establish that petitioner was entitled to no relief as to his claim that counsel was ineffective for failing to file an appeal, an evidentiary hearing was set as to that one specific issue and counsel was appointed to represent petitioner at the hearing.

## Evidentiary Hearing

At the beginning of the evidentiary hearing, petitioner's counsel requested time to confer with his client. That request was granted. At the conclusion of those discussions, petitioner's counsel made an oral motion to withdraw the petitioner's § 2255 motion.

In response to that motion, I made several inquiries. First, I asked petitioner if he understood that by withdrawing his petition he may be forever barred from filing a § 2255 petition on these issues, and perhaps any other issues related to the instant criminal case. Petitioner stated that he understood. Next, I asked petitioner if he discussed the possible foreclosure of his claims with counsel. Petitioner stated that he had. I then verified that after consultation with his attorney, and after the Court's warnings as to the possible foreclosure of his claims, that it was petitioner's wish to withdraw his § 2255 petition. Petitioner stated that it was. Finally, I asked petitioner if he was confident that this decision was being made knowingly, voluntarily, and intelligently. Petitioner confirmed that his decision was so made.

Also at that time, I asked counsel whether there were any other matters that needed to be addressed. Neither counsel had additional matters. Therefore, I informed petitioner that because his motion was dispositive of the case, I would be recommending to the District Judge that petitioner's oral motion to withdraw his § 2255 be granted and the petition be withdrawn.

## Recommendation

2

Based on the foregoing, I find that after consulting with counsel, and with full knowledge of the possible consequences of his motion, petitioner has knowingly, intelligently, and voluntarily requested to withdraw his § 2255 motion. Therefore, I VACATE the previous Report and Recommendation filed on April 25, 2006 (Dckt. 92), and instead recommend that petitioner's oral motion to withdraw his § 2255 petition be GRANTED and that the petitioner's § 2255 petition be dismissed without prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[1]

The Clerk is directed to provide a copy of this Report and Recommendation to the petitioner and any counsel of record.

DATED: June 15, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).